Patterson *Ex parte*.

Opinion delivered November 10, 1913.

1.  Contempt—punishment—statutory authority.—There is no statutory authority to punish for contemptuous conduct other than

that committed in the presence of the court, or in disobedience to the court's process. (Page 96.)

2. CONTEMPT—PUNISHMENT BY INFERIOR COURTS.—In the absence of a statute expressly conferring it, inferior courts do not possess the power to punish for contempt, except when committed in the presence of the court, or in disobedience to process. (Page 98.)

3. CONTEMPT—MAYOR'S COURT.—The mayor of an incorporated town has no authority to punish for contempt one publishing in a newspaper an article criticising and ridiculing the mayor, on account of his rulings in a certain case, which had been pending in his court. (Page 99.)

Appeal from Searcy Circuit Court; *George W. Reed,* Judge; reversed.

*A. Y. Barr,* for appellant.

In the absence of statute, the power to punish for contempt is not possessed by inferior courts not of record, except for contemptuous conduct committed in the presence of the court, or in disobedience of its process. Kirby's Dig., § § 5586, 726; Const., art. 7, § 43; 9 Cyc. 28; 16 Ark. 384; 33 N. J. L. 344; Wells on Jur. of Courts, 178; Bishop, New Cr. Law, 151-2.

*Grover C. Bratton,* for appellee.

All constitutional courts have the inherent power to punish for contempt. 14 Ark. 541; Const. 1874, art. 7, § 26; *Ib.,* § 42; Kirby's Dig., § 5586; 16 Ark. 384; 50 L. R. A. (1 ed.) 691; 66 N. Y. 372; 99 Col. 526; 21 L. R. A. (1 ed.) 755; 9 Ark. 263; 77 Ill. 644; 78 *Id.* 170; 50 N. H. 245; 8 Met. (Mass.) 168. Mayor's courts have the power under our Constitution and statutes. Cases *supra.*

McCULLOCH, C. J. Appellant, G. W. Patterson, was by the mayor of the incorporated town of Marshall adjudged to be in contempt of court for publishing in a newspaper an article criticising and ridiculing the mayor on account of his rulings in a certain case which had been pending in his court against one Lindsay for alleged violation of an ordinance of the town. The case against Lindsay had been disposed of by judgment imposing a fine, which had been paid, and the matter was thus ended.

We pass over consideration of the question raised by appellant as to whether or not the article published amounted, in fact, to contempt, and proceed to the initial question of the jurisdiction of the mayor of an incorporated town to punish for contempt not committed in the presence of the court or in disobedience of its process.

Appellant applied to the circuit court for *certiorari* to bring up the record, which was done, but the court, on hearing the cause, dismissed the petition, and an appeal to this court has been prosecuted.

There is no statute in this State expressly authorizing the mayor of an incorporated town to punish for contempt, but by statute that officer is declared to be a conservator of the peace throughout the limits of the corporation with "all the power and jurisdiction of a justice of the peace in all matters, civil or criminal, arising under the laws of the State, to all intents and purposes whatever." Kirby's Digest, § 5586.

The power of justices of the peace to punish for contempt is limited by statute to misconduct committed in the presence of the court or in disobedience of any process issued by the court requiring the attendance of a witness. Kirby's Digest, § 726.

It is seen, therefore, that there is no statutory authority to punish for contemptuous conduct committed other than in the presence of the court or in disobedience of the court's process.

It is contended, however, that a mayor or justice of the peace, as well as all other courts, possesses inherent power to punish for contempt. The case of *State* v. *Morrill*, 16 Ark. 384, is relied on in support of this contention.

This question was not raised in the Morrill case, for it involved the question of contemptuous conduct toward the Supreme Court.

It seems to have been very generally settled at common law, and also in this country, that inferior courts do not possess the power, in the absence of statute expressly conferring it, of punishing for contempt except that com-

mitted in the presence of the court or in disobedience of process. That rule is stated in the Cyclopedia of Law, volume 9, page 28, and numerous authorities cited in support.

The case of *The Queen* v. *Lefroy*, 8 L. R. Q. B. 134, involved the power of the county court to punish an attorney for contemptuous conduct committed, not in the presence of the court, by publishing a statement derogatory to the judge of the court, Chief Justice Cockburn, delivering his opinion as one of the judges on appeal, said:

"I think that the judge of the county court has no authority to punish for contempt not committed in the face of the court. It is perfectly true that it is laid down by authority, and reason shows the correctness of the rule. that all courts of record have power to fine and imprison for any contempt committed in the face of the court; for the power is necessary for the due administration of justice, to prevent the court being interrupted. But it is quite another thing to say that every inferior court of record shall have power to fine or imprison for contempt of court when that contempt is committed out of court, as the writing or publication of articles reflecting on the conduct of the judge. There are other remedies for such proceedings. The power to commit for contempt is fully gone into by Blackstone and Hawkins; but though this power is recognized in the superior courts, it is nowhere said that an inferior court of record has any power to proceed for contempt out of court; and there is an obvious distinction between the superior courts and other courts of record. * * * No case is to be found in which such a power has ever been exercised by an inferior court of record, or, at all events, upheld by a decision of the superior courts."

Mr. Rapalje, in his work on Contempts, section 4, says:

"The power to punish by commitment for contempt is a power belonging only to judges of certain courts, and does not arise from the mere exercise of judicial func-

tions.  The power, so far as it may be exercised by judicial officers, is an incident to a court, belonging alike to civil and criminal jurisdictions, but not extending, at the common law, below such as are courts of record recognized by the common law.''

The same rule is stated in another text book on the subject, where it is said that:

''The jurisdiction of inferior courts of record (such as a court of quarter sessions, the mayor's court, and a county court) is confined to such contempts as are perpetrated *in facie curiae,* and does not extend to such as are committed out of court, unless by virtue of some statutory enactment.''   Oswald, Contempt of Court, p. 11.

In a well-considered opinion of the New Jersey Supreme Court, we find the law on this subject thoroughly reviewed, and the doctrine is shown to be well established that, in the absence of statute, the power to punish for contempt is not possessed by inferior courts not of record except for contemptuous conduct committed in the presence of the court or in disobedience of its process. That case involved the power of the recorder of a municipality to punish for contempt.  The learned judge, delivering the opinion in that case, said:

''To punish by a commitment for contempt is a power belonging only to judges of certain courts, and does not arise from the mere exercise of judicial functions. * * * That power, so far as it may be exercised by judicial officers, is an incident to a court, belonging alike to courts of civil and criminal jurisdictions, but not extending, at the common law, below such as are courts of record recognized in the common law.  The general doctrine of the English law is, that all courts of record may fine or imprison for contempts in the face of the court. * * * A power to fine or imprison in such cases, although necessary for the proper discharge of the duties of a court not of an inferior jurisdiction, and for the maintenance of its independence and dignity, should not belong to all persons, bodies or tribunals, who may have a judicial duty to perform.  The common law, wisely,

did not recognize it in courts below those of record; and we would be doing violence to the liberty of the citizen to encourage its existence in any of our own courts, except those that, in their very nature, are courts of record, with jurisdictions not beneath the character of those so treated in the common law." *In re* Kerrigan, 33 N. J. Law, 344.

It is insisted by counsel for the municipality, while conceding the general doctrine thus stated, that it does not apply to justices of the peace and mayors in this State because their creation is expressly authorized by the Constitution of the State.

We do not see the force of that distinction, because it is merely a question of the legal existence of the court, whether created by express constitutional authority or merely by legislative authority.

The reason for the rule at all times has been that inferior courts not of record do not possess such power unless expressly granted to it by the lawmakers. The courts will not construe the law to grant such inherent power to courts of that class.

The mayor being without jurisdiction to punish for the alleged contemptuous conduct specified in the information filed before him, the judgment rendered against appellant was void, and should have been quashed by the circuit court. The judgment of the circuit court is, therefore, reversed and the mayor's judgment is quashed.