TURQUETTE *v.* STATE.

## Opinion delivered September 26, 1927.

1. CONTEMPT—ASSAULT ON JUDGE OUTSIDE OF TERRITORIAL JURISDIC-
TION.—The fact that an assault and battery on a judge of a
municipal court was committed outside of its territorial jurisdic-
tion does not affect its power to punish for contempt.

2. CONTEMPT—ASSAULT DURING PENDENCY OF CASE.—A finding that
an assault on a municipal court judge, before the transcript on
defendant's appeal from judgment imposing a fine on the assail-
ant was lodged in the circuit court, was made while the case was
still pending in the municipal court, and the latter had control
over its judgment, *held* warranted.

3. CONTEMPT—CONCLUSIVENESS OF COURT'S FINDING.—Evidence *held*
to sustain a finding of the trial court that defendant assaulted
a municipal judge for the purpose of influencing his conduct in
the trial of a case against him, and that, while the assault was
committed in the State of Texas, it was so near the municipal
courthouse in the State of Arkansas that it should be considered
as to have been consummated there, and therefore in the con-
structive presence of the court.

4. CONTEMPT—MUNICIPAL COURT AS COURT OF RECORD.—Acts 1917,
p. 734, made the municipal court of Texarkana a court of record,
with power to punish for contempt.

Appeal from Miller Circuit Court; *J. H. McCollum,*
Judge; affirmed.

STATEMENT OF FACTS.

This is an appeal from a judgment of the circuit
court, refusing to quash a judgment of the municipal
court of Texarkana punishing W. R. Turquette for con-
tempt of court.

On the 21st day of January, 1926, Louis Josephs,
judge of the municipal court of Texarkana, Arkansas,
caused to be spread upon the records of that court a
citation against W. R. Turquette for making an assault
upon the presiding judge of said municipal court on
account of rendering a judgment fining said Turquette
for violation of an ordinance of the city against reck-
less driving. In the citation it was ordered that an
attachment for contempt of court be issued to said
W. R. Turquette and that he be apprehended and cited

to appear in said court to answer why he should not be punished for contempt. This was served upon Turquette on June 28, 1926, in the city of Texarkana, Arkansas, while Turquette was in attendance upon the circuit court upon the appeal of his case from said municipal court. Judge Louis Josephs disqualified himself in the contempt proceeding against W. R. Turquette, and the Honorable P. P. Bacon became special judge to try the contempt proceeding. W. R. Turquette appeared at the trial of the contempt proceeding in person and by attorney, and the prosecuting attorney and other attorneys represented the State.

The record shows that W. R. Turquette was charged with reckless driving in the city of Texarkana, in violation of an ordinance of the city. He entered a plea of not guilty, and was tried before Louis Josephs, the presiding judge of the municipal court. He was found guilty, and fined in the sum of ten dollars. On the day of the trial, which was on January 2, 1926, W. R. Turquette prayed and was granted an appeal to the circuit court. His bond was fixed in the sum of $110, and, upon giving the same, he was released from custody.

The city of Texarkana is situated in both the States of Texas and Arkansas. Louis Josephs was the presiding judge of the Texarkana municipal court, in Miller County, Arkansas, at the time W. R. Turquette was fined for reckless driving, contrary to the ordinance of the city. Turquette resided in Texarkana, Texas, and went home after he was released from custody upon filing his appeal bond. The trial of the case was had on Saturday, and on the following Monday Judge Louis Josephs, during a recess of the municipal court of Texarkana, Arkansas, went across the State line into the State of Texas for the purpose of obtaining a cool drink. The drugstore which he entered was about two hundred feet from the State line. He left the drugstore and started back to resume the trial of a case which he was engaged in trying as judge of the Texarkana municipal court in the State of Arkansas. Turquette approached

him while in Texarkana, Texas, and told him that he wanted to talk about his case. Judge Josephs refused to talk with him upon the street about the case, and started to walk away. Turquette then assaulted Judge Josephs, and struck him a hard blow with his fist.

W. R. Turquette was a witness for himself, and admitted that he struck Judge Josephs on the streets of Texarkana, Texas, and knocked him down. He claims that he did so because he approached Judge Josephs in a quiet and gentlemanly manner for the purpose of talking about his case, and that Judge Josephs stared at him rudely and refused to talk with him at all.

Judge Bacon made a finding of fact that W. R. Turquette struck Judge Josephs with his fist in Texarkana, Texas, on January 4, 1926, and knocked him down; that said assault was made upon said judge because of his judicial action in finding the defendant guilty of reckless driving in the city of Texarkana, Arkansas, and assessing a fine against him. The court further found that, at the time of said assault upon the judge of the municipal court of Texarkana, Arkansas, W. R. Turquette was constructively before said court, the assault having been made at a time when the case against Turquette was still pending in the municipal court of Texarkana, Arkansas, and at a time when said court had control over said judgment. The court found that Turquette was guilty of contempt, and fixed his punishment at a fine of $50 and ten days in the county jail of Miller County, Arkansas.

W. R. Turquette filed his petition in the circuit court to quash said judgment, and presented with his petition a record of the proceedings in the municipal court of Texarkana, Arkansas, substantially as above stated. The circuit court dismissed the petition upon the record presented, and, as above stated, the case is here on appeal.

*Shaver, Shaver & Williams,* for appellant.

*H. W. Applegate,* Attorney General, *John L. Carter,* Assistant; *John N. Cook* and *Will Steel,* for appellee.

HART, C. J., (after stating the facts). The record in this case shows a proceeding instituted by the municipal court of Texarkana, Arkansas, against W. R. Turquette for an alleged contempt charged to have been committed by striking and beating said municipal judge because he had fined said Turquette for violation of a city ordinance. Turquette was fined in the municipal court in the State of Arkansas on the 2d day of January, 1926, and the assault was made in the State of Texas on January 4, 1926. The municipal court was still in session, but had taken a short recess, during which Judge Josephs had gone to a drugstore which was situated in the city of Texarkana, Texas, about two hundred feet from the boundary line between the States of Texas and Arkansas.

This court has held, in effect, that all acts which impede or obstruct a court of justice or which tend to produce such effect, whether done in or out of court, are to be considered as done in the presence of the court, and are punishable as contempt. *Weldon* v. *State,* 150 Ark. 407, 234 S. W. 466. In that case, during a recess of the court, the circuit judge was struck by Weldon for conduct in the performance of his judicial duties in trying the case of the State of Arkansas against said Weldon. The case of the State of Arkansas against Weldon was tried at the courthouse in the city of Hot Springs, in Garland County, Arkansas, and the assault and battery was made upon the judge at a bathing place about eight miles from Hot Springs, but which was in Garland County. The court, following the rule of the common law, held that the conduct of Weldon was calculated to impede or obstruct the circuit court in the administration of justice, and that the act should be considered as done in the presence of the court, although it was done during a recess of the court and about eight miles distant from the courthouse.

It is insisted, however, that the assault and battery in the present case was committed outside of the territorial jurisdiction of the municipal court of the city of Texarkana, Arkansas, and, for that reason, the court

had no power to punish for contempt. We have not been cited to any case where the precise question has been presented, and have not been able to find any such case on our own research. A majority of the court, however, is of the opinion that, under the doctrine of the Weldon case and of the decisions from other courts upon which it was partly based, this does not make any difference.

It is perfectly plain that Turquette's object was to embarrass or obstruct Judge Josephs in the discharge of his duties. He had been granted an appeal by the municipal court, but the transcript had not yet been lodged in the circuit court. Turquette was fined in the municipal court on Saturday, and the assault was made upon Judge Josephs on the following Monday. Turquette evidently intended to influence Judge Josephs in the matter, and the special judge trying the contempt proceeding was warranted in finding that the assault was made while the case was still pending in the municipal court and at a time when that court had control over its judgment. The court made a special finding that, at the time the municipal judge was struck by Turquette, the latter said: "I'll show you what it is to have me before your court and fine me." This is a quotation from the testimony of Judge Josephs, and, upon appeal, the finding of the court below must be taken by us as reflecting the purpose for which the assault was made.

In short, the trial judge was warranted in finding that the assault was made for the purpose of influencing the municipal court in the trial of the case against Turquette, and that, while the assault was committed in the State of Texas, it was so near the municipal courthouse in the State of Arkansas that it should be considered as to have been consummated there, and, for that reason, it was committed in the constructive presence of the court. The writer believes the better view is to hold that, the act having been committed outside of the territorial jurisdiction of the courts of the State of Arkansas, Turquette was not guilty of contempt.

It is next contended that the circuit court erred in not quashing the judgment of the municipal court punishing Turquette for contempt on the ground that the municipal court is not a court of record and therefore could not punish Turquette for contempt of court under the rule laid down in *Ex parte Patterson,* 110 Ark. 94, 161 S. W. 173. We do not agree with counsel in this contention. The municipal court of Texarkana, Arkansas, was created by the Legislature of 1917. Acts of 1917, vol. 1, page 734. The act provides that the judge of the municipal court shall be at least twenty-five years of age, of good moral character, learned in the law, two years a resident of the State, and that he shall have have practiced law six years. His salary is fixed at $1,500 a year. The act provides that the city clerk shall be the clerk of the municipal court, and that the city attorney shall be present and prosecute all cases arising out of the city ordinances. The municipal clerk is required to keep a complete docket of all civil and criminal pro ceedings to the extent directed by the judge. Hence we are of the opinion that the statute creating said municipal court made it a court of record, and that it has the same power to punish for contempt as other courts of record. 6 R. C. L., § 29, page 517.

It follows that the judgment of the circuit court was correct, and it will therefore be affirmed.